BARBARA MAIER et al., Appellants, v. W. H. WATERS, Executor, et al.

### Division One, July 1, 1909.

DIVORCE: Presumed Dower. For the reasons stated in Maier v. Brock, reported at page 74 of this Report, it is held that the law presumes that the deceased testate, who was married in 1865 and married another woman in 1872, was legally divorced from the first wife prior to his subsequent marriage; and, therefore, in the absence of a contrary showing, the first wife, upon his death, was not entitled to dower in his estate.

Appeal from Jasper Circuit Court.—*Hon. Hugh Dabbs,* Judge.

AFFIRMED.

*Thomas & Hackney* for appellants.

*Perkins & Blair* for respondents.

WOODSON, J.—This suit was begun in the circuit court of Jasper county by Barbara Maier and Magdalene, her daughter, against the executor and devisees under the will of Joseph G. Meyer, deceased, for the purpose of having the plaintiff Barbara Maier adjudged the widow and lawful heir of said Joseph G. Meyer, and the plaintiff, Magdalene Maier, the daughter and lawful child and heir of the said Joseph G. Meyer.

A trial was had, and the court found the issues for Magdalene, and rendered a decree adjudging that she was the lawful child and heir of deceased, but found the issues against Barbara, for the reason that the said deceased had been lawfully divorced from her long prior to his death, and rendered judgment against

her accordingly. After filing 'motions for a new trial and in arrest of judgment, and they having been overruled by the court, Barbara Maier duly appealed to this court.

The facts in this case are substantially the same as are the facts in the case of Barbara Maier v. T. W. Brock et al., just handed down, and reference is made to that case for a full statement of the facts of this. [See ante, page 74.]

That suit was brought by Barbara for the assignment of her dower in the same land which is involved in this case. The trial court found against Barbara in that case for the reason that Joseph G. Meyer had been legally divorced from her long prior to his death; and for that reason she was not dowable in the lands of which he died seized. On appeal to this court, the judgment of the circuit court was affirmed.

We must affirm the judgment of the circuit court in this case, for the reasons stated in that, namely; that she was not the widow of Joseph G. Meyer at the date of his death, he having been divorced from her many years prior thereto.

We, therefore, affirm the judgment of the circuit court.

All concur.